UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-80-RJC
(3:05-cr-46-RJC-DSC-2)

| | |
|---|---|
| CURTIS ARNOLD, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on *pro se* Petitioner's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. No. 5).

**I.    BACKGROUND**

Petitioner was charged in the underlying criminal case with: Count (1), conspiracy to possess with intent to distribute five kilograms of a mixture and substance containing cocaine; and Count (2), attempt to possess with intent to distribute a controlled substance, at least five kilograms of a mixture and substance containing cocaine. (3:05-cr-46 (CR), Doc. No. 1). The Government filed an Information pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851 based on Petitioner's conviction for possession with intent to sell/deliver cocaine in North Carolina case number 99CRS042473. (CR Doc. No. 18).

Petitioner pleaded guilty to Count (1) and admitted being guilty of that offense. (CR Doc. No. 21). A written Plea Agreement set forth the consequences of pleading guilty including Petitioner's sentencing exposure. (CR Doc. No. 21 at 1). The parties agreed that the base offense level should be 34 based on drug quantity; that up to three levels may be deducted for acceptance

1

of responsibility; and, irrespective of the offense level, the Court was required to impose a sentence of not less than 20 years' imprisonment absent a motion by the Government. (CR Doc. No. 21 at 1-2). The Government agreed that it would seek a sentence at the statutory minimum mandatory of 20-years' imprisonment pursuant to § 851 based on one prior felony drug conviction, even though Petitioner had a second such conviction. (CR Doc. No. 21 at 2). The Plea Agreement set forth the rights Petitioner was waiving by pleading guilty including an express waiver of his appellate and post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 21 at 4).

The Presentence Investigation Report (PSR) scored the base offense level as 34 based on the amount of drugs for which Petitioner was responsible. (CR Doc. No. 72 at ¶ 19). However, Petitioner qualified as a career offender based on his convictions for possession with intent to sell and deliver cocaine in North Carolina case numbers 98CRS043500 and 99CRS042473, so the base offense level was 37. (CR Doc. No. 72 at ¶ 25). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 34. (CR Doc. No. 72 at ¶ 26). Petitioner had seven criminal history points and a criminal history category of IV, however, the criminal history category for career offenders is VI. (CR Doc. No. 72 at ¶ 40). The resulting guideline range was 262 to 327 months' imprisonment followed by 10 years of supervised release. (CR Doc. No. 72 at ¶¶ 74, 76-77). The PSR noted that, if the § 851 Information had included both of Petitioner's qualifying prior convictions, Petitioner would have been subject to a mandatory penalty of life imprisonment. (CR Doc. No. 72 at ¶ 75).

The Court adopted the PSR and sentenced Petitioner to 262 months' imprisonment followed by 10 years of supervised release. (CR Doc. No. 35); see (CR Doc. No. 38) (Amended Judgment).

2

Case 3:20-cv-00080-RJC   Document 11   Filed 11/10/20   Page 2 of 9

Counsel filed an Anders[1] brief on direct appeal stating there were no meritorious issues for appeal but asserting that Petitioner would not have pleaded guilty and would have gone to trial but for counsel's ineffective assistance. Petitioner did not file a *pro se* supplemental brief. The Fourth Circuit affirmed, finding that the record did not conclusively establish ineffective assistance of trial counsel and that there were no meritorious issues for appeal. United States v. Arnold, 225 F. App'x 140 (4th Cir. 2007).

Petitioner filed a *pro se* § 2255 Motion to Vacate, case number 3:10-cv-453,[2] in which he argued that he was actually innocent of career offender sentencing because neither of his prior North Carolina drug convictions was a "felony" punishable by more than one year in prison based on Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). (3:10-cv-453 (CV), Doc. No. 1). The Federal Defender's Office appeared on Petitioner's behalf and, on December 20, 2012, filed a Supplemental Motion to Vacate arguing that Petitioner's § 851 and career offender enhancements were invalid pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*) which, it argued, was retroactively applicable on collateral review.[3] (CV Doc. No. 15); see (CV Doc. No. 16) (counsel voluntarily dismissed the alternative claims for relief pursuant to § 2241, writ of error *coram nobis*, and writ of error *audita querela* without prejudice). The Court stayed the § 2255 proceedings twice to allow for developments in the law. See (CV Doc. No. 19) (staying the proceedings following the issuance of Miller v. United States, 735 F.3d 141 (4th Cir. 2013), which held that Simmons is retroactive, to await the Fourth Circuit's oral argument in United States v.

---

[1] Anders v. California, 386 U.S. 738 (1967).

[2] Petitioner previously filed a § 2255 petition, case number 3:10-cv-359, that was dismissed without prejudice on procedural grounds.

[3] The Fourth Circuit had not yet ruled on Simmons' retroactivity.

Brantley, No. 12-4752); (CV Doc. Nos. 26) (staying the § 2255 proceedings pending the Fourth Circuit's *en banc* consideration of Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014)). Petitioner then filed a *pro se* Second Supplemental § 2255 Motion to Vacate reiterating the Simmons claims and arguing that counsel was ineffective for allowing him to plead guilty. (CV Doc. No. 28). The Government argued that Petitioner's Motion to Vacate was time-barred, that the post-conviction waiver in Petitioner's Plea Agreement barred his claims, and that Petitioner was not entitled to alternative relief. (CV Doc. Nos. 31, 33).

The Court dismissed and denied the § 2255 Motion to Vacate, as supplemented, on March 30, 2015. Arnold v. United States, 2015 WL 1457531 (W.D.N.C. March 30, 2015). The Court found that Petitioner's Simmons claims were time-barred and that equitable tolling was not warranted pursuant to Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014) (*en banc*),[4] and that the post-conviction waiver in Petitioner's Plea Agreement barred his Simmons claims. Id. Petitioner filed a *pro se* Motion for Reconsideration which the Court denied on June 24, 2015. (CV Doc. No. 41). Petitioner argued in his *pro se* appellate brief that, pursuant to Simmons and Miller, his predicate convictions did not qualify for enhanced sentencing and that application of the minimum mandatory sentence was a gross miscarriage of justice. (Fourth Cir. Case No. 15-6850, Doc. No. 7). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal, and denied rehearing and rehearing *en banc*. United States v. Arnold, 613 F. App'x 252 (4th Cir. 2015).

In 2009, Petitioner filed a number of *pro se* Motions in the criminal case challenging his sentence, none of which met with success. See, e.g., (CR Doc. Nos. 67, 87, 92, 98, 110, 115, 121,

---

[4] In its *en banc* decision in Whiteside, the Fourth Circuit held that Simmons was not a new "fact" for purposes of § 2255(f)(4) and that equitable tolling was inapplicable because, although Simmons made petitioner's collateral attack more plausible, nothing prevented petitioner from raising his claim before the one-year statute of limitations expired.

4

135, 141, 151, 155).

Petitioner filed the *pro se* § 2241 Petition in the instant case on February 3, 2020.[5] (Doc. No. 1). The Petition was deficient and Petitioner was provided the opportunity to amend. (Doc. No. 3). Petitioner filed the Amended § 2241 Petition on March 13, 2020. (Doc. No. 5). Liberally construing his arguments, Petitioner claims that he is entitled to relief under § 2255's savings clause because his North Carolina prior convictions are not felony drug offenses for purpose of the career offender and § 851 enhancements pursuant to Simmons, and that two convictions that were consolidated in a single judgment were erroneously counted separately for purposes of the career offender enhancement. Petitioner asks the Court to resentence him at the bottom of the un-enhanced guideline range to 151 months' imprisonment and three years of supervised release or, alternatively, schedule a resentencing hearing.

The Government filed a Response, (Doc. No. 8), conceding that Petitioner's North Carolina convictions are not felony convictions for purposes of § 841(b)(1) or the career offender enhancement pursuant to Simmons. However, the Government argues that Petitioner cannot satisfy the savings clause because the Court resolved Petitioner's § 2255 Motion to Vacate after Simmons was decided and had been held to be retroactive, and because the career offender error is not fundamental. Therefore, it argues, the Amended § 2241 Petition must be dismissed for lack of jurisdiction.

Petitioner filed a Reply, (Doc. No. 10), arguing that he was not able to take advantage of Simmons when he filed his § 2255 Motion to Vacate in 2010 because it was not held to be retroactive until Miller was issued on August 21, 2013. Petitioner further argues that "[c]ourt

---

[5] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule).

5

appointed counsel did not respond to Petitioner's request that after the Miller decision, his case was ripe to decision." (Doc. No. 10 at 1). Petitioner contends that habeas corpus entitles him to a meaningful opportunity to demonstrate that his sentence was erroneously enhanced, which is a miscarriage of justice and fundamental defect.

## II. DISCUSSION

The legality of a conviction or sentence must typically be challenged under 28 U.S.C. § 2255. However, the "savings clause" allows a prisoner to challenge the validity of his conviction and/or sentence by filing petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if he demonstrates that that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because ... an individual is procedurally barred from filing a § 2255 motion.").

> Section 2255 is inadequate or ineffective to test the legality of a sentence when:
>
> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018); see In re Jones, 226 F.3d 328 (4th Cir. 2000).

To satisfy the Wheeler test, it is the "*retroactive* change, not just the change, in settled law that renders the sentence fundamentally defective." Braswell v. Smith, 952 F.3d 441, 448 (4th Cir. 2020) (emphasis in original). The date of retroactivity is the "trigger" for savings clause relief. Id. The petitioner bears the burden of presenting evidence that affirmatively shows that § 2255 is

inadequate or ineffective. In re Eidson, 129 F.3d 1259 (4th Cir. 1997). The savings clause's requirements are jurisdictional and cannot be waived. Wheeler, 886 F.3d at 423.

The Fourth Circuit held *en banc* on August 17, 2011 that, in determining whether crimes are felonies for purposes of enhanced sentencing, the sentencing court may only consider the maximum possible sentence that the particular defendant could have received rather than a hypothetical maximum term of imprisonment. United States v. Simmons, 649 F.3d 237 (2011) (*en banc*). On August 21, 2013, the Fourth Circuit held that Simmons applies retroactively on collateral review. Miller v. United States, 735 F.3d 141 (4th Cir. 2013).

The Government correctly concedes that Petitioner's North Carolina convictions in case numbers 98CRS043500 and 99CRS042473 for possession with intent to sell and deliver cocaine in violation of North Carolina General Statutes § 90-95(a) do not constitute felonies under Simmons. Those convictions were class H felonies that, with Petitioner's prior record level of II and the absence of aggravating factors, were not punishable by more than one year in prison. See (CV Doc. No. 15-1) (Judgment); N.C. Gen. Stat. § 15A-1340.17(c), (d) (1999). Therefore, these convictions do not qualify as prior felony convictions for purposes of § 851 or the career offender enhancement.

Notwithstanding the foregoing, the Court lacks jurisdiction to grant relief under the savings clause. Petitioner cannot satisfy the Wheeler test because Simmons had been issued and made retroactive before Petitioner's § 2255 proceeding was resolved in 2015. See Arnold, 20156 WL 1457531; (CV Doc. No. 41). Petitioner's contention that he did not have a meaningful opportunity to present his Simmons claims is conclusively refuted by the record. The Court specifically acknowledged Simmons' retroactivity during the § 2255 proceedings, (Doc. No. 19), and denied § 2255 relief because the Motion to Vacate was untimely and barred, rather than due to lack of retroactivity. See Arnold,

7

2015 WL 1457531. Moreover, Petitioner expressly raised Simmons and Miller in his *pro se* Motion for Reconsideration and appellate brief. (CV Doc. No. 40); (Fourth Cir. Case No. 15-6850, Doc. No. 7 at 6). Because Simmons had been made retroactive before Petitioner's § 2255 proceeding was complete, Petitioner cannot satisfy the second prong of the Wheeler test. See Braswell, 952 F.3d at 448 ("in order for a petitioner to satisfy prong two [of the Wheeler test], the *combination* of the change in settled substantive law and its retroactivity must occur after the first § 2255 motion has been resolved."). Petitioner's challenge to the career offender enhancement also fails to satisfy the fourth prong of the Wheeler test because guideline application errors do not constitute fundamental defects.[6] See United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015) (holding that a career offender enhancement in violation of Simmons that was imposed under the advisory guidelines, and did not exceed the statutory maximum sentence, did not rise to the level of a fundamental defect).

Petitioner has failed to demonstrate that the savings clause applies and, therefore, the Amended § 2241 Petition will be dismissed for lack of jurisdiction.

### III.  CONCLUSION

For the reasons stated herein, the Amended § 2241 Petition is dismissed for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended § 2241 Petition, (Doc. No. 5), is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

---

[6] Petitioner's allegation that a double-counting error occurred is also conclusively refuted by the PSR, which reveals that Petitioner was arrested on separate dates in his two North Carolina cases, and therefore, the convictions were correctly counted separately. (CR Doc. 72 at ¶¶ 37, 38); see U.S.S.G. § 4A1.2, app. note 3 (2004).

appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: November 10, 2020

Robert J. Conrad, Jr.
United States District Judge